# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessie Paul Ogle, | No. CV-23-00200-PHX-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 26, "R&R") entered by United States Magistrate Judge Camille D. Bibles recommending that the Court deny Jessie Paul Ogle's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner has filed Objections to the R&R (Doc. 34), and Respondents have filed a Response thereto (Doc. 35).

All parties agree that after statutory tolling for determination of Mr. Ogle's state PCR petition ended, AEDPA's one-year limitations period for filing his habeas petition with this Court ran to expiration on January 5, 2023, but his counsel did not file the Petition until January 30 of that year, some 25 days late. But Petitioner urges he is entitled to equitable tolling because his counsel's failure to timely file the Petition amounted to an extraordinary circumstance beyond Mr. Ogle's control. Judge Bibles disagreed in her R&R, concluding that "counsel's failure to complete and file the petition before the true deadline, and any mistake in calculating the deadline or improvidently re-calendaring the

deadline, constitute mere neglect and negligence that do not qualify as an 'extraordinary circumstance' warranting equitable tolling." (R&R at 10.)

Petitioner Ogle urges in his Objections that the R&R's reasoning is incorrect because "this case does not involve ordinary attorney negligence, and it does not involve a mere 'miscalculation of a filing deadline.'" (Resp. at 7.) In Petitioner's view, it was a series of occurrences that kept him from timely filing his Petition. Such circumstances include that his PCR and original habeas counsel, Todd Nolan, had "told me [Petitioner] in Jan[uary 2022] it would be 60 days to file habeas"; that Mr. Nolan passed away two and a half months into Petitioner's habeas filing limitations period without having completed the Petition, and the Nolan firm was wound up thereafter; that Petitioner had to quickly arrange to replace Mr. Nolan with an associate from the former Nolan firm, whom he agreed to pay a premium to accelerate his briefing to first priority; that despite the priority briefing agreement, that his new counsel was ultimately unable to reprioritize Petitioner's matter to the front of her workload, and ultimately returned the premium and placed Petitioner's matter chronologically in order of her acceptance of matters for processing; that new counsel suffered some health and work capacity issues that resulted in work on the Petition to continue into December 2022; that new counsel originally had correctly calendared the filing date for the Petition as January 3, 2023, which was two days before expiration of AEDPA's limitations period; and that while sick in bed and with a "foggy" mind in late December 2022, counsel inadvertently moved the deadline to February 2, 2023, which was nearly a month after the deadline expired. Petitioner argues the above sequence—1) conduct amounting to the "abandonment" of a habeas client, in the form of Mr. Nolan's death; coupled with 2) his subsequent counsel promising something she could not deliver— moving Petitioner's work to first priority; and finally 3) counsel's re-calendaring the filing date for the Petition, all taken together, is attorney conduct so egregious as to constitute extraordinary circumstances justifying equitable tolling.

The Court disagrees with Petitioner's argument. His current habeas counsel has done a fine job of showing that Petitioner meets the first prong for equitable tolling: that

Petitioner exercised reasonable diligence in pursuing habeas relief. Counsel's filings contain all electronic communications between Petitioner and his habeas counsel and demonstrate that Petitioner stayed on top of counsel and progress on the briefing and arguments from the time she assumed responsibility for the Petition until its filing on January 30, 2023, sometimes communicating multiple times per day. Likewise, counsel provided declarations from Petitioner and his power of attorney, Ms. Hasselbalch, showing Petitioner's direction for frequent follow-up with counsel. These communications in the record, coupled with Petitioner's assertions that he pressed both original and then successor habeas counsel to complete his work timely, demonstrate reasonable diligence on his part. But they do not transform into, or substitute for, a showing of the extraordinary circumstance required for the second prong.

When a party argues the extraordinary circumstance necessary to trigger equitable habeas tolling originates from habeas counsel's conduct, that conduct cannot be mere negligence, neglect or mistake on the part of counsel. Rather, counsel's conduct must be "egregious." *Holland v. Florida*, 560 U.S. 631 (2010) All of the case law the parties rely on demonstrates that difference between mere negligence and egregious conduct, starting with *Holland* itself. In *Holland*, counsel failed to communicate with his client for years, despite the petitioner pleading for counsel to respond to his letters; failed to perform the research necessary to determine the applicable filing date, even when his client cited the rules to him; and did not timely inform his client that state's highest court had concluded the state criminal case review, thus triggering commencement of his federal habeas limitations period. 560 U.S. at 652. The other cases Petitioner points to also address conduct far more than negligence. *Schuster v. Johnson* dealt with a law firm affirmatively misleading its client about its experience and abilities even to handle a matter as serious as a criminal habeas petition. 693 Fed. Appx. 527, 528 (9th Cir. 2017). *Spitsyn v. Moore* involved counsel who not only did nothing for a year after retention to prepare a habeas petition, but when he was asked to return the file so the client could make alternate arrangements to get a petition in timely, he failed to return the file until months after the

limitations period had expired. 345 F. 3d 796, 801-02 (9th Cir. 2003). These cases show that conduct meeting the Holland Court's definition of "egregious" is far more than simple error, neglect or negligence, and is more akin to recklessness, deliberate indifference or even sabotage of a client's habeas case.

The present case is devoid of any such conduct reaching beyond negligence. There is no evidence of deception or an intent to deceive, misleading, or abandonment. Documented communications between Petitioner and counsel demonstrate that counsel worked on the petition for many months, sharing progress reports, arguments, and strategy regularly with her client, and responding to his concerns. That is to say, the unchallenged information before the Court suggests there was a product in progress for some time prior to the deadline, as well as an intention on counsel's part to timely complete it, and but for counsel errantly modifying the filing date in December 2022 when she was "foggy" from her illness, the Petition apparently would have been timely filed. There are no assertions or offerings from Petitioner from which the Court could conclude client abandonment, misdirection, recklessness, deliberate indifference or anything else constituting that extra ingredient to show that egregious attorney conduct had occurred. This is a mistake with significant ramifications, but it rings only of negligence, not the "egregiousness" of conduct the caselaw requires for a finding of extraordinary circumstance.

The Court declines Petitioner's invitation to conduct an evidentiary hearing, as the record in this matter—including over seventy pages detailing all recorded written communications between Petitioner and counsel during the relevant period and the declarations of Petitioner and his power of attorney relating what happened with counsel—is sufficiently developed to resolve the issue before the Court. *E.g., Davis v. Malfi*, 722 Fed. Appx. 663, 665 (9th Cir. 2018). Indeed, the Court has taken all of the facts asserted by Petitioner as he avers them. His argument fails not because of a lack of facts, but because the Court on applying those facts reaches a different conclusion than the one Petitioner favors.

. . .

For the above reasons, **IT IS ORDERED** overruling Petitioner's Objections to the R&R (Doc. 34) and adopting in whole the R&R submitted by Judge Bibles (Doc. 26).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

**IT IS FURTHER ORDERED** denying a certificate of appealability, as the Court finds reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling here.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this matter.

Dated this 1st day of April, 2025.

Honorable John J. Tuchi
United States District Judge